Kevin MacGillivray, Esq.
**McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP**
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
(973) 993-8100
*Attorney for Defendant, Selective Insurance Company of the Southeast*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AMP MANUFACTURING, LLC/HJN HOLDINGS, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST<br><br>　　　　　　Defendant. | Civil Action No. _____<br><br>**NOTICE OF REMOVAL** |

TO:　　　　　Clerk of District Court
　　　　　　　United States District Court
　　　　　　　District of New Jersey
　　　　　　　Martin Luther King, Jr. Building & U.S. Courthouse
　　　　　　　50 Walnut Street
　　　　　　　Newark, New Jersey 07101

ON NOTICE TO:　CLERK
　　　　　　　Superior Court of New Jersey
　　　　　　　Law Division: Sussex County
　　　　　　　43-47 High Street
　　　　　　　Newton, NJ 07860

　　　　　　　Jonathan Wheeler, Esq.
　　　　　　　One Penn Center – Suite 1270
　　　　　　　1617 JFK Boulevard
　　　　　　　Philadelphia, PA 19103
　　　　　　　Attorney for Plaintiff

　　**PLEASE TAKE NOTICE** that, on this date, that the undersigned attorneys for

Defendant, Selective Insurance Company of the Southeast ("Selective"), petition this Honorable

Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, removing this entire action from the

Superior Court of New Jersey, Law Division, Sussex County to the United States District Court for the District of New Jersey. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

**PLEASE TAKE FURTHER NOTICE** that, in support of this Notice of Removal, Selective relies upon the following:

1. On October 30, 2020, Plaintiff, AMP Manufacturing, LLC/HJN Holdings, LLC (hereinafter collectively "AMP"), filed a Complaint and Jury Demand in the Superior Court of New Jersey, Law Division, Sussex County, bearing docket number L-000456-20 ("the State Court Action"). A copy of the Complaint in the State Court Action ("the Complaint") was served upon Selective on December 4, 2020. Annexed hereto as Exhibit A is a copy of the Complaint and Jury Demand.

2. Selective is a company organized and existing under the laws of the State of Indiana, and maintains an administrative office in Branchville, New Jersey. (Complaint, Ex. A, at ¶ 1).

3. AMP is a company organized and existing under the laws of the State of Delaware and has its principal place of business in Wilmington, Delaware. (State of Delaware, Ex. B, Complaint, Ex. A, at ¶ 2).

4. At the time of the filing of the Complaint and this Notice of Removal, there exists complete diversity of citizenship between AMP and Selective.

GROUNDS FOR REMOVAL

5. This action may be removed to this Court pursuant to 28 U.S.C. § 1441(a), in that it is a suit over which the district courts of the United States would have original jurisdiction.

6. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), which states that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

citizens of different States."

7. In the Second Count of the Complaint, Plaintiff alleges that it has sustained a loss in the amount of $332,456.37 and is entitled to an award of attorney fees.

8. Thus, the amount in controversy between the parties, exclusive of interest and costs of suit, exceeds $75,000.00 within the meaning of 28 U.S.C. § 1332.

## TIMELINESS

9. Removal is timely under 28 U.S.C. § 1446(b) in that the filing of the within Notice of Removal occurred within thirty (30) days of the service of the Complaint and Jury Demand on Selective.

## FILING WITH STATE COURT

10. Pursuant to 28 U.S.C. § 1446(d), Selective will serve a copy of this Notice of the Removal to Plaintiff and will provide a copy to the Clerk of the Superior Court of New Jersey, Law Division, Sussex County.

**WHEREFORE**, Selective respectfully submits this Notice of Removal of this action from the Superior Court of New Jersey, Law Division, Sussex County to the United States District Court for the District of New Jersey and pray this action stand so removed.

McELROY, DEUTSCH, MULVANEY
 & CARPENTER, LLP
Attorneys for Defendant, Selective Insurance Company

By */s/ Kevin MacGillivray*
   Kevin MacGillivray, Esq.

Dated:  December 31, 2020

3

# EXHIBIT A

**WHEELER, DIULIO & BARNABEI, P.C.**
BY: Jonathan Wheeler, Esquire
NJ Attorney ID: 053731996
One Penn Center - Suite 1270
1617 JFK Boulevard
Philadelphia, PA 19103
(856) 874-1447
Email: jwheeler@wdblegal.com

RECEIVED
SUSSEX COUNTY SHERIFF

2020 NOV 10 P 10: 1

PERSONALLY SERVED 12/4/2020
Attorney for Plaintiff(s)
AT 1:55 A.M./P.M.

Roseann Held
Corporate Security

---

AMP MANUFACTURING, LLC/HJN
HOLDINGS, LLC
6 HADCO ROAD
WILMINGTON, DE 19804-1014

v.

SELECTIVE INSURANCE COMPANY of
the SOUTHEAST
40 WANTAGE AVENUE
BRANCHVILLE, NJ 07890

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION

SUSSEX COUNTY

DOCKET NO.: L-000456-20

**SUMMONS**

From The State of New Jersey, To The Defendant(s) Named Above: Allstate New Jersey

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer of motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971 Trenton, NJ 08625. A $175.00 filing fee payable to the clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer of motion if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

                                                             /s/
                                      Jennifer M. Perez, Acting Clerk
                                       of the Superior Court

DATED: November 2, 2020

Name and Address of Defendant for Service:    **SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST**
**40 WANTAGE AVENUE**
**BRANCHVILLE, NJ 07890**

ATLANTIC COUNTY:
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

BERGEN COUNTY:
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

BURLINGTON COUNTY:
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

CAMDEN COUNTY:
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth St.
Camden, NJ 08103
LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

CAPE MAY COUNTY:
Deputy Clerk of the Superior Court
9 N. Main Street
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

CUMBERLAND COUNTY:
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

ESSEX COUNTY:
Deputy Clerk of the Superior Court
50 West Market Street
Room 131
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

GLOUCESTER COUNTY:
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

HUDSON COUNTY:
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House-- 1st Floor
583 Newark Ave.
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

HUNTERDON COUNTY:
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

MERCER COUNTY:
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

MIDDLESEX COUNTY:
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

MONMOUTH COUNTY:
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

MORRIS COUNTY:
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

OCEAN COUNTY:
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

PASSAIC COUNTY:
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton St.
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

SALEM COUNTY:
Deputy Clerk of the Superior Court
92 Market St., P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-5628
LEGAL SERVICES
(856) 451-0003

SOMERSET COUNTY:
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

SUSSEX COUNTY:
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

UNION COUNTY:
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

WARREN COUNTY:
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(908) 387-1835
LEGAL SERVICES
(908) 475-2010

**WHEELER, DiULIO & BARNABEI, P.C.**
BY: Jonathan Wheeler, Esquire
NJ Attorney ID : 053731996
One Penn Center - Suite 1270
1617 JFK Boulevard
Philadelphia, PA 19103
(856) 874-1447
Email: jwheeler@wdblegal.com

Attorney for Plaintiff(s)

RECEIVED
SUSSEX COUNTY SHERIFF
2020 NOV 10 P 12:17

PERSONALLY SERVED 12/4/2020
AT 1:55 A.M./P.M.

*[signature]*
CORPORATE SECURITY

| | |
|---|---|
| AMP MANUFACTURING, LLC/HJN HOLDINGS, LLC<br>6 HADCO ROAD<br>WILMINGTON, DE 19804-1014<br><br>vs.<br><br>SELECTIVE INSURANCE COMPANY of THE SOUTHEAST<br>40 WANTAGE AVENUE<br>BRANCHVILLE, NJ 07890 | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br><br>SUSSEX COUNTY<br><br>DOCKET NO.:<br><br><br><br>**CIVIL ACTION COMPLAINT** |

AMP Manufacturing, LLC/HJN Holdings, LLC (hereinafter collectively "AMP") by its attorneys, Wheeler, DiUlio & Barnabei, P.C., file this Civil Action Complaint against Selective Insurance Company of the Southeast ("Selective") as follows:

### FIRST COUNT

1. Selective is a corporate entity duly organized and existing under the laws of the State of Indiana which maintains its administrative office at 40 Wantage Avenue, Branchville, NJ 07890.

2. Selective, in the ordinary course of business, issued to AMP a policy of insurance covering the building, equipment and business owned and operated by AMP at 6 Hadco Road, Wilmington, DE 19804-1014.

3. On or about December 8, 2017, while the Selective policy was in full force and effect,

the building, equipment and machinery and business of AMP located at 6 Hadco Road, Wilmington, DE were destroyed be fire and related peril which is a covered cause of loss under the Selective policy.

4. AMP submitted claims to Selective for damages and losses suffered as a result of the fire on December 8, 2017 and in support of these claims have submitted to Selective documentation in support their claimed losses and have appeared through their CEO for Examination Under Oath held on July 10, 2018.

5. Despite AMP's full compliance with all of the terms and conditions of the Selective policy, Selective has failed and refused to pay to AMP all of the benefits due and owing under the policy as a result of the fire on December 8, 2017, but has purposely withheld benefits for damages to the building, equipment and machinery and the loss of business income due and owing under the terms of the policy.

6. By withholding benefits owed under the policy of insurance to AMP as a result of the fire on December 8, 2017, Selective has breached its contract of insurance and as a result AMP has suffered damages and losses as a result thereof.

**WHEREFORE**, AMP demands judgment against Selective for compensatory damages, costs of suit, pre-judgment interest and such other relief as the Court may deem equitable and just.

## SECOND COUNT

1. AMP re-alleges and incorporates by reference herein the averments set forth in the First Count of AMP's Complaint, as fully as though same were here set forth at length.

2. Following the fire on December 8, 2017, a dispute arose between AMP and Selective as to the amount of loss suffered as a result of the fire, in particular, a dispute as to the damage, loss

and costs to repair machinery and equipment which was located in the building at the time of the fire.

3. In accordance with the terms of the Selective policy, AMP and Selective submitted this dispute as to the amount of loss to Appraisal under the terms of an appraisal provision in the policy which states:

**Appraisal**

> If we and you disagree on the value of the property or the **amount of the loss,** either may make a written demand for an appraisal of the loss. In this event, each party will select a **competent** and **impartial** appraiser. The two appraisers will select an umpire. If they can not agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a) pay its chosen appraisers; and
>
> b) bear the other expenses of the appraisal and umpire equally. If there is an appraisal, we still retain our right to deny the claim. (Emphasis supplied.)

4. Pursuant to this appraisal provision in the Selective policy, AMP selected its appraiser and Selective selected its appraiser; the two appraisers then selected a mutually agreeable umpire.

5. Following their appointment, the respective appraisers submitted estimates/proposals for the damage, repair and replacement of the machinery and equipment to the umpire.

6. Following these submissions, the appraisers jointly conferred with the umpire, and as a result of these estimates, proposals, meetings and other submissions, an Appraisal Award was

completed and signed by the umpire and the appraiser for AMP and completed on September 8, 2020.

7. The Appraisal Award determined that the actual cash value (ACV) cost to repair/replace the equipment and machinery is $674,898.00. The Appraisal Award includes an award for the construction of a temporary structure to permit the machinery and equipment to be repaired/replaced on site in the amount of $332,456.37.

8. Under the terms of the policy and the law of New Jersey, an Appraisal Award is final and binding on the parties to the Appraisal.

9. Notwithstanding its receipt of the binding Appraisal Award, Selective has unilaterally rejected that portion of the award for construction of the temporary structure which the appraisers agreed was necessary if the machinery and equipment was to be replaced on site and has failed and refused to pay to AMP $332,456.37.

10. Selective's failure and refusal to pay to AMP the amount awarded by the Appraisal for construction of the temporary structure necessary to repair the equipment on site is a violation of the insurance contract made without a debatable reason or cause and has been done in bad faith violation of Selective's obligations under its insurance contract; its duty of good faith and fair dealing; and in violation of the decisional law of New Jersey as set forth in *Pickett v Lloyd's*, *131 N.J. 457, 621 A.2d 445* (1993)

11. As the direct, factual and proximate result of Selective's bad faith refusal to pay the balance of the Appraisal Award, AMP has been required to retain counsel to commence the present action, thereby incurring costs for counsel fees and costs together with loss of interest on the unpaid award and such other damages and losses as may be shown through investigation and discovery.

**WHEREFORE**, AMP demands judgment against Selective for compensatory damages, counsel fees, costs, pre-judgment interest and such other relief as the Court may deem equitable and just.

## THIRD COUNT

1. AMP re-alleges and incorporates by reference herein the averments set forth in the First and Second Counts of this Complaint, as fully as though same were here set forth at length.

2. The appraisal provision in the Selective policy requires that the appraiser appointed to represent Selective in the appraisal process be "competent" and "impartial."

3. Upon information and belief, it is averred that the appraiser appointed by Selective for this appraisal process was neither "competent" nor "impartial" but, to the contrary, during the course of the appraisal exhibited conduct which established that he was neither "impartial" nor "competent."

4. Upon information and belief, it is averred that during the course of this appraisal the Selective appraiser engaged in continuing dialogue, communication and discussion with the Selective claims department and that, in fact, submissions made by the Selective appraiser during the course of the appraisal were prepared and provided to him by the Selective claims department.

5. This conduct on the part of Selective and its chosen appraiser is in violation of the express language of the Selective policy and is contrary to the law of New Jersey and the code of conduct governing the actions of appraisers in resolving differences of opinion as to the amount of loss caused by a covered peril.

6. As the direct, factual and proximate result of this misconduct by Selective and its appraiser, the appraisal process took more than two years to complete and as a result AMP has suffered loss of benefits owed under the policy as a result of the fire on December 8, 2017; loss of

business opportunity and investment; loss of business income and profits; loss of customers and ability to market and sell its products; and other financial losses and damages which may be established through continuing investigation and discovery.

**WHEREFORE**, AMP demands judgment against Selective for compensatory damages, pre-judgment interest, counsel feels, costs of suit and such other relief as the Court may deem equitable and just.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Jonathan Wheeler, Esquire, is hereby designated as trial counsel in the above captioned litigation on behalf of the firm of Wheeler, DiUlio & Barnabei, P.C.

### DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury on all the issues so triable herein.

### CERTIFICATION PURSUANT TO RULE 4:51

The matter in controversy is not the subject of any other action pending in any other Court. There are no pending arbitration proceedings. No other action or arbitration proceedings are contemplated. No non-party is known who would be subject to joinder because of potential liability.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

WHEELER, DiULIO & BARNABEI, P.C.

BY: _/s/ Jonathan Wheeler_
    JONATHAN WHEELER, ESQUIRE
    Attorney for Plaintiff(s)

SSX-L-000456-20   10/30/2020 12:39:04 PM  Pg 1 of 1  Trans ID: LCV20201954685

# Civil Case Information Statement

## Case Details: SUSSEX | Civil Part Docket# L-000456-20

**Case Caption:** AMP MANUFACTURING, L LC  VS SELECTIVE INSURANCE
**Case Initiation Date:** 10/30/2020
**Attorney Name:** JONATHAN WHEELER
**Firm Name:** WHEELER, DIULIO & BARNABEI, PC
**Address:** 1617 JFK BLVD STE 1270
PHILADELPHIA PA 19103
**Phone:** 2155682900
**Name of Party:** PLAINTIFF : AMP Manufacturing, LLC
**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: AMP Manufacturing, LLC?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
  **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
  **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/30/2020                                                                                     /s/ JONATHAN WHEELER
Dated                                                                                                            Signed

```
SUSSEX COUNTY SUPERIOR COURT
SUSSEX COUNTY JUDICIAL CENTER
43-47 HIGH STREET
NEWTON              NJ 07860-1738
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (862) 397-5700
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   OCTOBER 30, 2020
                        RE:     AMP MANUFACTURING, L LC  VS SELECTIVE INSURANCE
                        DOCKET: SSX L -000456 20

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS  300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON PETER A. BOGAARD

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (862) 397-5700.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                   ATT: JONATHAN WHEELER
                                   WHEELER, DIULIO & BARNABEI, PC
                                   1617 JFK BLVD
                                   STE 1270
                                   PHILADELPHIA    PA 19103

ECOURTS
```

RECEIVED
2020 NOV 10 P 10:17
SUSSEX COUNTY SHERIFF

# EXHIBIT B

# *State Of Delaware*

Entity Details

11/9/2020   9:58:53AM

| | |
|---|---|
| File Number: 5479904 | Incorporation Date / Formation Date: 2/10/2014 |
| Entity Name: AMP MANUFACTURING, LLC | |
| Entity Kind: Limited Liability Company | Entity Type: General |
| Residency: Domestic | State: DELAWARE |
| Status: Cancelled, Failure to Pay Tax | Status Date: 6/1/2020 |

**Registered Agent Information**

| | |
|---|---|
| Name: GERRY GRANT NORRIS | |
| Address: 619 LAMBSON LANE | |
| City: NEW CASTLE | Country: |
| State: DE | Postal Code: 19720 |
| Phone: | |

**Tax Information**

| | |
|---|---|
| Last AnnualReport Filed: 0 | Tax Due: $ 1770 |
| Annual Tax Assessment: $300 | Total Authorized Shares: |

**Filing History (Last 5 Filings)**

| Seq | Description | No of Pages | Filing Date mm/dd/yyyy | Filing Time | Effective Date mm/dd/yyyy |
|---|---|---|---|---|---|
| 1 | LLC | 1 | 2/10/2014 | 11:50 AM | 2/10/2014 |